

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHARLES EUGENE RILEY JR., | § | |
| Petitioner, | § | |
| v. | § | No. 4:19-CV-952-A |
| DIRECTOR BRYAN COLLIER, | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Charles Eugene Riley Jr., a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Director Bryan Collier, respondent. Having reviewed the petition, the court finds that it should be dismissed as an unauthorized successive habeas petition. No service has issued upon respondent.

**I. Factual Background**

Petitioner challenges his 1992 conviction in Tarrant County, Texas, Case No. 0365902R, for aggravated sexual assault with a deadly weapon for which he is serving a 40-year sentence.[1] (Pet.

---

[1]Petitioner asserts that he is challenging his initial 1988 conviction in Case No. 0365902R. (Pet. 2, doc. 1.) However, his initial conviction was reversed and the case remanded for a new trial. *Riley v. State*, 802 S.W.2d 909 (Tex. App.—Fort Worth 1991), aff'd, 830 S.W.2d 584 (Tex. Crim. App. 1992). State court records filed in petitioner's prior federal habeas action indicate that following remand petitioner pleaded guilty pursuant to a plea agreement and was sentenced in accordance with that agreement.

2, doc. 3.) In 2009 petitioner filed a prior federal habeas petition challenging the same state court conviction, which was dismissed as time-barred under the federal statute of limitations. *See* Order, Riley v. Thaler, No. 4:09-CV-433-A, doc. 17.[2]

## II. Issues

In three grounds, petitioner raises the following claims, verbatim:

(1) non-adjudication of 'insanity' by another jurisdiction;

(2) ineffective counsel; and

(3) judicial kidnapping.

(Pet. 6-7, doc. 1.)

## III. Successive Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas-corpus petition to be summarily dismissed.[3] The Court of

---

[2]The court takes judicial notice of the record in petitioner's prior habeas action.

[3]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Appeals for the Fifth Circuit recognizes the district courts' authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when, as here, it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). The statutory provision applies even if the petitioner's initial petition was dismissed on limitations grounds. Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3)(A).

From the face of this petition, it is apparent that this is

---

Rule 4 of the Rules Governing Section 2254 Cases provides:

    The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

3

a successive petition, and petitioner has not alleged or demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). Without such authorization, this court is without jurisdiction to consider the petition. *See Kutzner v. Montgomery Co.*, 303 F.3d 339, 339 (5th Cir. 2002); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). Accordingly, the petition should be dismissed to allow petitioner to seek authorization to file his petition in the United States Court of Appeals for the Fifth Circuit. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

It is ORDERED that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed without prejudice as an unauthorized successive petition. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED November 14, 2019.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

4